UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
GARNETT STROTHER,

                                     Plaintiff,

    -against-

CITY OF NEW YORK; ZEESHAN MUNAWAR;
P.O. CACKOWSKI; GERALD ESPOSITO; and
JOHN and JANE DOE 1 through 10, individually
and in their official capacities (the names John and
Jane Doe being fictitious, as the true names are
presently unknown),

                                Defendants.
---------------------------------------------------------------------X

***COMPLAINT AND
JURY DEMAND***

ECF CASE

Docket No.
1:15-cv-423

      Plaintiff Garnett Strother, by his attorney Joseph Indusi, Esq. of London Indusi, LLP, for

his complaint against the above Defendants alleges as follows:

## PRELIMARY STATEMENT

     1. This is a civil rights action in which plaintiff seeks relief through 42 U.S.C. §1983 and

42 U.S. §1988 for the violation of his civil rights protected by the Fourth, Fifth, Sixth and

Fourteenth Amendments to the United States Constitution, in addition to violations of the Laws of

the State of New York.

     2. The claim arises from an August 09, 2014 incident in which defendants, acting under

color of state law, stopped Mr. Strother claiming he walked through an NYC MTA subway "N"

car train. The train was stationary at the time. Mr. Strother provided a valid driver's license to the

Defendant Officers, yet the defendants pulled Mr. Strother off of the stationary subway car train.

The Defendants then pushed Mr. Strother to the ground, sat on his body, punched Mr. Strother in

the face and sprayed Mr. Strother in the face with mace. At no time did Mr. Strother act violently

or aggressively or resist arrest. Subsequently, Mr. Strother was placed under arrest. The Defendant's actions caused Mr. Strother to suffer substantial pain, to require medical treatment and to suffer physical injury, namely a laceration to his face above the right eye. After being assaulted and battered by the Defendants, Mr. Strother was wrongfully arrested and held in police custody for approximately twenty-four (24) hours, including time spent at the hospital for his injuries. On September 4th, 2014, the case was terminated in Mr. Strother's favor and immediately sealed.  As a result of this encounter with Defendants, Mr. Strother has a permanent scar above his right eye, which requires further medical attention and has lost time and clients at work.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the Laws of the State of New York.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of pendant jurisdiction.

## VENUE

6. Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District.

2

## PARTIES

7. Plaintiff Garnett Strother ("Plaintiff" or "Mr. Strother") resided at all times in New York County, in the City and State of New York.

8. The Defendant City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York.

9. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel, including police officers, detectives and supervisory officers as well as the individually named Defendants herein.

10. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

11. Defendant Zeeshan Munuwar ("Munawar") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Munawar was, at the time relevant herein, a Police Officer under Shield # 5075 of the TD DT 34 Precinct. Defendant Munawar is sued in his individual and official capacity.

12. Defendant Cackowski ("Cackowski") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Cackowski was, at the time relevant herein, a Police Officer under Shield # 7411 of the TD DT 34 Precinct. Defendant Cackowski is sued in his individual and official capacity.

13. Defendant Gerald Espostio ("Esposito") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Esposito was, at the time relevant herein, a Sergeant of the TD DT 34 Precinct. Defendant Esposito is sued in his individual and official capacity.

14. At all times relevant Defendants John and Jane Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. Plaintiff does not know the real names and/or shield number of Defendants John and Jane Doe 1 through 10.

15. At all times relevant herein, Defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

16. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

17. Within 90 days of the events rising to these claims, plaintiff filed written notices of claim with the New York City Office of the Comptroller.

18. Over 30 days have elapsed since the filing of those notices, and this matter has not been settled or otherwise disposed of.

19. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

## FACTUAL CHARGES

20. Mr. Strother is a thirty (30) year old caretaker of his twelve (12) year old daughter.

21. Mr. Strother is a self-employed personal trainer and works six (6) days a week. He has been employed in this position for approximately eight (8) years.

4

22. On August 9, 2014, at approximately 9:27 p.m., Mr. Strother entered the MTA NYC Northbound "N" train in Brooklyn, New York at the Surf Avenue/Stillwell Avenue station.

23. Mr. Strother entered the subway station lawfully by paying his fare.

24. Defendants Munawar, Cackowski and Esposito approached Plaintiff Strother and stopped him for no apparent reason.

25. All three individually named defendants were in plainclothes.

26. Defendant Esposito asked Mr. Strother to get off the stationary train.

27. Mr. Strother complied with Esposito's order and exited the stationary train and stepped onto the subway platform.

28. At this point, Defendant Munawar asked Mr. Strother to produce identification, which Mr. Strother produced.

29. Defendant Cackowski and Defendant Esposito then threw Mr. Strother to the ground.

30. Once on the ground, Defendant Esposito punched Mr. Strother on the left side of his face, causing the right side of his face to strike the subway platform.

31. Defendant Cackowski then sprayed mace in Mr. Strother's face from a distance of approximately two (2) inches.

32. Defendant Officers thereafter tightened Mr. Strother's handcuffs causing physical injury to the skin on Mr. Strother's wrist.

33. As a result of the punches to his face, Mr. Strother received a laceration to his right eye which required treatment by EMS and later, doctors at Coney Island Hospital.

34. As a result of the spray to the eyes, Mr. Strother required medical treatment by EMS and later, doctors at Coney Island Hospital.

35. As a result of the excessively tight metal handcuffs used by the Defendants, Mr.

Strother sustained physical injuries to his wrists.

36. Mr. Strother was then blindly guided to the stationhouse holding cell.

37. After some time, EMS was called to the stationhouse to treat Mr. Strother.

38. EMS transported Mr. Strother to Coney Island Hospital for treatment.

39. At Coney Island, Mr. Strother presented with a swelling to the right face and a laceration to the right eyelid.

40. Mr. Strother still has a permanent injury and scar above his right eye.

41. After leaving Coney Island Hospital, Mr. Strother was transported back to the precinct and then taken to central bookings.

42. While Plaintiff was in central booking, Defendants, acting in concert and with malice, conveyed and forwarded false information to prosecutors in order to have plaintiff prosecuted for Obstructing Governmental Administration in the Second Degree and Resisting Arrest.

43. Mr. Strother spent approximately 24 hours unlawfully confined until he was arraigned on those charges.

44. At his arraignment, Mr. Strother was released and ordered to come back to Court.

45. Mr. Strother went back to court on September 4th where the case was dismissed and immediately sealed.

46. Mr. Strother was unable to keep a number of appointments due to the arrest, causing him to lose clients and suffer financial harm.

47. Mr. Strother had outstanding hospital bills at Coney Island Hospital.

48. For several weeks following the incident Mr. Strother was afraid of riding the subway system.

49. During all of the events described, defendants acted maliciously and with intent to

6

injure plaintiff.

50. Upon information and belief, at all times relevant hereto, Defendants Munawar, Cackowski and Esposito were involved in the decision to arrest plaintiff without probable cause and the decision to use excessive force.

51. Upon information and belief, at all times relevant hereto, Defendants Munawar, Cackowski and Esposito failed to intervene in the actions of his fellow officers when he observed them arresting plaintiff without probable cause.

52. Upon information and belief, at all times relevant hereto, Defendants Munawar, Cackowski and Esposito failed to intervene in the actions of his fellow officers when he observed them use excessive force on Mr. Strother.

53. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages: Violation of his rights pursuant to the Fourth and Fourteenth Amendment of the United States Constitution, Violation of New York State Law, physical pain and suffering, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, loss of liberty, medical expenses lost wages.

**FIRST CAUSE OF ACTION**
False Arrest and False Imprisonment Under
42 U.S.C. § 1983

54. The above paragraphs are here incorporated by reference as though fully set forth.

55. The officer defendants wrongfully and illegally arrested, detained and imprisoned plaintiff.

56. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of plaintiff was carried out without a valid warrant, without plaintiff's consent, and

without probable cause or reasonable suspicion.

57. At all relevant time's defendants acted forcibly in apprehending, arresting, and imprisoning plaintiff.

58. Throughout this period, plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, imprisoned and falsely charged.

59. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CAUSE OF ACTION
False Arrest and False Imprisonment Under
New York State Law

60. The above paragraphs are here incorporated by reference as though fully set forth.

61. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

62. Plaintiff was conscious of his confinement.

63. Plaintiff did not consent to his confinement.

64. Plaintiff's arrest and false imprisonment was not otherwise privileged.

65. Defendant City, as employer of Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

66. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CAUSE OF ACTION
Denial of Right to Fair Trial Under
42 U.S.C. § 1983

67. The above paragraphs are here incorporated by reference as though fully set forth.

68. The individual Defendants created false evidence against Plaintiff, to wit, sworn

documents and testimony alleging Mr. Strother committed unlawful acts.

69. The individual Defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

70. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

71. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CAUSE OF ACTION
Excessive Force Under
42 U.S.C. § 1983

72. The above paragraphs are here incorporated by reference as though fully set forth.

73. The individual Defendants used excessive, unreasonable and unnecessary force with plaintiff.

74. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on the plaintiff without consent.

75. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CAUSE OF ACTION
Assault and Battery Under
New York State Law

76. The above paragraphs are here incorporated by reference as though fully set forth.

77. The individual defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

78. The individual defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him without his consent.

79. The individual Defendants used excessive and unnecessary force with plaintiff.

80. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

81. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**SIXTH CAUSE OF ACTION**
Negligent Hiring/Training/Retention Under
New York State Law

82. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

83. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

84. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

85. Upon information and belief, Defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

86. Upon information and belief, Defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

87. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## NINTH CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

88. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

89. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

90. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution.

91. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, plaintiff respectfully requests judgment against defendants, jointly and severally, as follows:

    A.  In favor of plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

    B.  Awarding Plaintiff punitive damages in an amount to be determined by a jury;

    C.  Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

    D.  Awarding Plaintiff reasonable attorneys' fees and costs pursuant to  28 U.S.C. § 1988; and

    E.  Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

11

Dated:  January 27, 2015
        Brooklyn New York

                                        Respectfully submitted,

                                        _____/s/ Joseph Indusi, Esq._____
                                        *Joseph Indusi, Esq.*
                                        Bar Number: JI6499
                                        Attorney for Mr. Strother
                                        London Indusi LLP
                                        186 Joralemon Street
                                        Suite 1202
                                        Brooklyn, NY 11201
                                        (718) 301-4593 – Phone
                                        (718) 247-9391 – Fax
                                        Joe@LondonIndusi.com